IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MAURICE TYREE,

      Plaintiff,

vs.                                                    No. 14-2114-STA-dkv

OCWEN LOAN SERVICING, and
U.S. BANK NATIONAL ASSOCIATION,
Individually and as Trustee for
Greenpoint Mortgage,

      Defendants.

---

REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTIONS TO DISMISS

---

On January 21, 2014, the plaintiff, Maurice Tyree ("Tyree"), filed a *pro se* "Verified Complaint for Damages and Temporary Injuction [sic] or Restraining Order" in the Chancery Court for the Thirtieth Judicial District at Memphis, Tennessee, seeking injunctive relief to declare the foreclosure sale of his property void and to enjoin his eviction from the property. (Compl., ECF No. 1-2.) The defendants, Ocwen Loan Servicing ("Ocwen") and U.S. Bank National Association ("U.S. Bank"), removed the case to federal court. (Notice of Removal, ECF No. 1-2.) On June 24, 2014, Tyree, by and through retained counsel, filed his First Amended Complaint. (Am. Compl., ECF No. 30.)

Now before the court is the July 24, 2014 motion of the defendants to dismiss Tyree's amended complaint as barred by the

doctrine of res judicata, and, alternatively, for failure to state a claim upon which relief can be granted. (Mot. to Dismiss, ECF No. 31.) Tyree filed a response in opposition on October 6, 2014, (Pl.'s Resp., ECF No. 39), and the defendants filed a reply on October 20, 2014, (Defs.' Reply, ECF No. 40). On November 20, 2014, the motion was referred to the United States Magistrate Judge for a Report and Recommendation. (Order of Reference, ECF No. 41.) For the reasons that follow, it is recommended that the defendants' motion to dismiss Tyree's amended complaint be granted.

## I.    PROPOSED FINDINGS OF FACT

Tyree filed the present lawsuit for injunctive relief to rescind a non-judicial foreclosure of real property located at 10025 Point Cove, Lakeland, Shelby County, Tennessee 38002, ("the property") and to enjoin the defendants from evicting him from the property. Tyree alleges that he purchased the property on September 25, 2006 for approximately $860,000 and that he financed the purchase through a variable interest rate loan.[1] (Compl. 1-2, ECF No. 1-2.) He further alleges that U.S. Bank obtained the deed for the property through fraudulently prepared or "robo-signed" documents and that Ocwen, who was responsible

---

[1]The amended complaint incorporates by reference all facts alleged in the original complaint. (Am. Compl. 1, ECF No. 30.) The court will therefore consider factual allegations in the original complaint but not legal conclusions or alleged claims.

for servicing the loan, failed to properly do so in that "Ocwen produced documents for the purpose of beginning foreclosure proceedings that it knew were not legitimate and were either fraudulent or 'robo-signed.'" (*Id.* at 2.) In the amended complaint, Tyree alleges that "[o]n or about February 16, 2013, [he] received letters from Ocwen [] purporting to advise him of his rights under 15 U.S.C. § 1962g (hereinafter 'Debt Validation Letter')". (Am. Compl. 2, ECF No. 30.) According to the factual allegations in the complaint and the amended complaint, the property was sold at a foreclosure sale to U.S. Bank, and on January 3, 2014, the defendants filed a forcible entry and detainer lawsuit in the General Sessions Court of Shelby County, Tennessee, in an attempt to evict Tyree from the property. (*See* Compl. 2-3, ECF No. 1-2.)

The amended complaint sets forth two causes of action: (1) a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and (2) a claim of "Robo-Signing." (Am. Compl., ECF No. 30.) Specifically, Tyree claims that the defendants, as debt collectors under the FDCPA, "were required to pursue a judicial foreclosure rather than a nonjudicial foreclosure" and that the defendants misrepresented Tyree's rights to him in its debt validation letter dated February 16, 2013 "by requiring that [Tyree] dispute the debts in writing when FDCPA allows the dispute to be made orally or in

writing." (*Id.* at 2.)

With respect to his "robo-signing" claim, Tyree alleges three specific incidents of execution of documents by various employees "of the defendants" purporting to transfer interests in the property "without [the employee] having personal knowledge of the facts contained therein": (1) an Assignment executed by Mary Ladd on behalf of Mortgage Electronic Registration Systems, Inc. on February 9, 2012; (2) a Notice of Appointment of Substitute Trustee executed by Peter Nocero on behalf of GMAC Mortgage on February 23, 2012; and (3) an Assignment executed by Douglass Wilson on behalf of GMAC Mortgage on June 19, 2013. (*Id.* at 3.)

This is the second of two lawsuits filed by Tyree in relation to the foreclosure sale of the real property located at 10025 Point Cove, Lakeland, Shelby County, Tennessee 38002. On February 28, 2012, Tyree filed a 29-page *pro se* complaint in this court entitled "Complaint to Prohibit and Restrict Foreclosure and Sale & For Damages and Demand for Trial," docketed as Case No. 2:12-cv-02164-STA-dkv. Named as defendants in the first lawsuit were Greenpoint Mortgage, Regions Bank, Mortgage Electronic Registration System, GMAC Mortgage, McCurdy & Candler LLC, and John Does 1-20. *See* Complaint, Tyree v. Greenpoint Mortg., et al., No. 2:12-cv-02164-STA-dkv (W.D. Tenn. Feb. 28, 2012), ECF No. 1. In the first lawsuit, Tyree sought

injunctive relief prohibiting the defendants from proceeding with a foreclosure sale of the real property located at 10025 Point Cove, Lakeland, Shelby County, Tennessee 38002, the same property that is the subject of the present action, and a declaration of the respective rights of the parties to the property. *Id.* In his first lawsuit, Tyree set forth the following claims: (1) fraud and misrepresentation, (2) deceptive lending practices, (3) violation of the Uniform Residential Loan Application Act, (4) wrongful foreclosure; (5) slander of title; (6) unlawful interference with possessory interest; (7) conflict of interest; (8) lack of standing to commence a foreclosure action; and (9) civil RICO, conspiracy to commit mail fraud, and civil conspiracy to commit wire fraud. *Id.*

The defendants in Tyree's first lawsuit filed motions to dismiss his complaint for failure to state a claim. Because Tyree did not respond to the motions, the court issued a show cause order, and Tyree failed to respond to the show cause order. Based on Tyree's failure to respond to the show cause order, the court dismissed Tyree's complaint against all the defendants on January 4, 2013 with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Order of Dismissal, *Tyree v. Greenpoint Mortg., et al.*, No. 2:12-cv-02164-STA-dkv (W.D. Tenn. Jan. 4, 2013), ECF No. 30. Judgment was entered in favor of all defendants on January 4, 2013.

Judgment, Tyree v. Greenpoint Mortg., *et al.*, No. 2:12-cv-02164-STA-dkv (W.D. Tenn. Jan. 4, 2013), ECF No. 31. Public records of the Shelby County Register show that on December 12, 2013, the property was sold at a non-judicial foreclosure sale to U.S. Bank as Trustee for Greenpoint Mortgage Funding.[2]

## II. PROPOSED CONCLUSIONS OF LAW

In their motion to dismiss, the defendants argue that both claims in Tyree's present lawsuit are barred by the doctrine of res judicata. Tyree insists that the doctrine of res judicata is inapplicable because the defendants in his first lawsuit are not the same as the defendants in the second lawsuit and there is no proof of privity between the parties. Tyree further argues that he has pled sufficient facts to state claims for violation of the FDCPA and "robo-signing" or fraud.

A. Res Judicata

While res judicata is an affirmative defense ordinarily pled in the answer, "it is now clearly established that res

---

[2] When a court is ruling on a Rule 12(b)(6) motion to dismiss, it may consider any "public record[s], orders, items appearing in the record of the case, [] exhibits attached to the complaint . . . [and] documents that a defendant attaches to a motion to dismiss . . . [so long as] they are referred to in the Complaint and are central to the claims contained therein." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)(internal quotation, emphasis, and citations omitted). Tyree referred to the foreclosure sale in which the property was transferred to U.S. Bank. Therefore, the court will consider any documents recorded with the office of the Shelby County Register which reflect or are pertinent to the foreclosure sale and transfer of title of the property to U.S. Bank.

judicata can also be raised by motion." *Westwood Chem. Co.,
Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)(citations
omitted).   The weight of authority supports dismissal for
failure to state a claim when a case is barred by the doctrine
of res judicata. *See, e.g.*, *Rushford v. Firstar Bank, N.A.*, 50
F. App'x 202, 203 (6th Cir. 2002)(affirming "the district
court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) based on
the doctrine of *res judicata*"); *Thompson v. U.S. Small Bus.
Admin.*, 8 F. App'x 547, 548 (6th Cir. 2001)(affirming failure-
to-state-a-claim dismissal that was based on res judicata); *City
of Canton v. Maynard*, 766 F.2d 236, 239 (6th Cir. 1985)(per
curiam)(affirming district court's Rule 12(b)(6) dismissal on
res judicata grounds); *Link v. Sumner Cnty. Jail*, No. 3:10-CV-
0236, 2010 WL 1138029, at *2 (M.D. Tenn. Mar. 19, 2010)("Because
the plaintiff's claims are barred by the doctrine of *res
judicata*, the Court finds that the plaintiff's complaint fails
to state a claim upon which relief can be granted.").

        Under the doctrine of res judicata, "a final judgment on
the merits of an action precludes the parties or their privies
from relitigating issues that were or could have been raised in
that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980)(citation
omitted); *see also Kane v. Magna Mixer Co.*, 71 F.3d 555, 560
(6th Cir. 1995).   To apply the doctrine of res judicata, four
elements must be satisfied: (1) the first action must result in

a final judgment on the merits by a court of competent jurisdiction; (2) the second action must involve the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have litigated in the first action; and (4) an identity of the causes of action between the first and the second actions. *Kane*, 71 F.3d at 560; *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The first prong is satisfied. The federal district court for the Western District of Tennessee is a court of competent jurisdiction. The Order of Dismissal in the first action dismissed Tyree's complaint against all the defendants with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) expressly provides that "[u]nless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). A final judgment was entered in favor of all defendants on January 4, 2013, and Tyree did not appeal the judgment. Thus, the first action was ended by a final judgment on the merits.

For purposes of the second prong, privity exists between Greenpoint Mortgage and U.S. Bank. Privity "means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders*

*Confectionery Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 481 (6th Cir. 1992)(citation omitted). "[A] perfect identity of the parties is not required, only a substantial identity of interests that are adequately presented and protected by the first litigant." *Vanmeerbeeck v. M & T Bank*, No. 2:12-CV-11980, 2012 WL 2943400, at *4 (E.D. Mich. July 18, 2012)(citation and internal quotation marks omitted); *see also Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1109 (6th Cir. 1981)(stating that privity is "a shorthand designation for those persons who have a sufficiently close relationship with the record parties to be bound by the judgment")(internal quotation marks omitted)). "[I]t is well settled that a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency relationship." *Jefferson v. Ferrer, Poirot, & Wansbrough*, No. 3:10-0754, 2011 WL 3025894, at *4 (M.D. Tenn. July 25, 2011)(internal quotation marks omitted)(citing *ABS Industries, Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999 (6th Cir. 2009)).

Although U.S. Bank was not a named defendant in Tyree's first lawsuit, U.S Bank is specifically named as a defendant in the present action as Trustee for Greenpoint Mortgage, and Greenpoint Mortgage was a named defendant in the first action. The Substitute Trustee's Deed transferring title to the property to U.S. Bank as the highest bidder at the foreclosure sale on

December 12, 2013 states that "the beneficial interest of [the Deed of Trust dated September 25, 2006 secured by the property] was last transferred and assigned to U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR-7."[3]  Thus, U.S. Bank stands in privity with Greenpoint Mortgage as the holder of Greenpoint Mortgage's beneficial interest in the property.

Privity also exists between Greenpoint Mortgage and Ocwen. The Notice of Appointment of Substitute Trustee dated July 17, 2013 is signed by Ocwen as Attorney-In-Fact for U.S. Bank, who, as set forth above, was Trustee for Greenpoint Mortgage.[4]  In addition, the Deed of Trust dated September 25, 2006, signed by Tyree, which secures repayment of the loan to Tyree by Greenpoint Mortgage for the purchase of the property as evidenced by a note for $860,000, provides that the note may be sold without prior notice to the borrower which sale may result in a change of the Loan Servicer, the entity that collects payment under the note and provides other loan servicing for

_____

[3]The Substitute Trust Deed was recorded in the Office of the Shelby County Register as Instrument No. 13148321.

[4]The Notice of Appointment of Substitute Trustee was recorded in the Office of the Shelby County Register as Instrument No. 13091999.

Greenpoint.[5]  As Loan Servicer for Greenpoint Mortgage, Ocwen
stands in privity with Greenpoint.  The defendants also
represent that Ocwen is the successor in interest to GMAC, who
was a named defendant in the first action.

To satisfy the third and fourth elements, "there must be an
identity of the causes of action[,] that is, an identity of the
facts creating the right of action and of the evidence necessary
to sustain each action." *Wilson v. Strickland*, 333 F. App'x 28,
30 (6th Cir. 2009)(internal quotation marks omitted)(citing
*Holder v. City of Cleveland*, 287 F. App'x 468, 470-71 (6th Cir.
2008).  Moreover, "[w]here the two causes of action arise from
the 'same transaction, or series of transactions,' the plaintiff
should have litigated both causes in the first action and may
not litigate the second issue later."  *Holder*, 287 F. App'x at
471 (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521,
529 (6th Cir. 2006)).  "[T]he term 'same cause of action' can
encompass claims . . . that were previously available to the
parties, regardless of whether they were asserted or determined
in the first proceeding."  *Thomas v. Miller*, 329 F. App'x 623,
627 (6th Cir. 2009)(citing *Brown v. Felsen,* 442 U.S. 127, 131
(1979)(internal quotation marks omitted).

Both of Tyree's lawsuits arise out of the non-judicial

---

[5]The Deed of Trust was recorded in the Office of the Shelby
County Register as Instrument No. 06164407.

foreclosure sale of the same property. All issues in both actions relate to the foreclosure of the same property. Although the first complaint did not specifically include a claim for violation of the FDCPA or use the words "robo-signing," both claims could have been brought in the first action. Tyree's present FDCPA claim is based on the conduct of the defendants, who stand in privity to Greenpoint Mortgage, in conducting a nonjudicial foreclosure sale in lieu of a judicial foreclosure; in the first lawsuit, Greenpoint was a defendant and Tyree alleged that the foreclosure sale was improper. Because he had received notice of his debt and the fact that a nonjudicial foreclosure sale was scheduled, Tyree could have brought challenges to the validity of the debt and the type of foreclosure in his first lawsuit.

In addition, to support his "robo-signing" claim, Tyree identifies three employees who allegedly signed documents transferring an interest in the subject property without having personal knowledge of the contents of the documents. The three employees he identified were employed by either MERS or GMAC, both of whom were defendants in the first action, and two of the three documents he references were executed prior to the dismissal of his first lawsuit. Thus, Tyree could have brought his "robo-signing" claims in the first lawsuit.

Because facts supporting the two claims in the present

lawsuit were available to Tyree at the time he filed his first lawsuit and because the claims in the present lawsuit arise out of the same facts and transactions that formed the basis for his first lawsuit, the claims in the present lawsuit are barred by the doctrine of res judicata.

B. Failure to State a Claim for Which Relief May Be Granted

Even if the doctrine of res judicata does not bar the present action, the amended complaint fails to state any plausible claim against the defendants. In assessing whether the amended complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550

U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

1.  Tyree's FDCPA Claim

Citing to 15 U.S.C. § 1692i, Tyree claims that the defendants, as alleged debt collectors under the FDCPA, "were required to pursue a judicial foreclosure rather than a nonjudicial foreclosure." (Am. Compl. 2, ECF No. 30.) Tyree cites no case authority for his claim. Section 1692i of the FDCPA is the venue provision of the act. It requires a debt collector to bring "an action to enforce an interest in real property securing the consumer's obligation . . . only in a judicial district . . . in which such real property is located." 15 U.S.C. § 1692i. There is no language in the venue provision requiring a debt collector to bring a judicial foreclosure action in lieu of a nonjudicial foreclosure action. Moreover, Tennessee law specifically contemplates a nonjudical foreclosure by a trustee or other party as a remedy to foreclose a deed of trust or mortgage securing the payment of money. *See* Judicial or Trust Sales, Tenn. Code Ann. § 35-5-101 *et seq*. Thus, Tyree's claim that the defendants wrongfully foreclosed on

the subject property by pursuing a nonjudicial foreclosure fails to state a claim as a matter of law.

In addition, Tyree's claim that the defendants misrepresented Tyree's rights to him in its debt validation letter dated February 16, 2013 "by requiring that [Tyree] dispute the debts in writing when FDCPA allows the dispute to be made orally or in writing" also fails as a matter of law. The FDCPA specifically requires the debt collector to notify the consumer that the consumer must notify the debt collector *in writing* of a dispute as to the amount of the debt. 15 U.S.C. § 1692g(a)(4). It provides that a debt collector shall send the consumer a written notice containing:

> a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment . . . [which] will be mailed to the consumer.

*Id.* (emphasis added). Thus, Tyree's claim that the defendants violated the FDCPA by sending him an improper notice fails to state a claim as a matter of law.

2.  Tyree's "Robo-Signing" Claim

As stated above, to support his "robo-signing" claim, Tyree identifies three persons, whom, he alleges, were employed by the defendants and who allegedly signed documents without having personal knowledge of the contents of the documents. He further

alleges, however, that the three employees were employed by either MERS or GMAC, neither of whom are defendants in this action. Thus, Tyree fails to set forth any factual allegations of "robo-signing" whatsoever by either of the defendants in the second lawsuit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Tyree's amended complaint be dismissed because it is barred by the doctrine of res judicata and fails to state a claim upon which relief can be granted.

Respectfully submitted this 11th day of December, 2014.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE