# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MAURICE TYREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-2114-STA-dkv |
| | ) | |
| OCWEN LOAN SERVICING, U.S BANK NATIONAL ASSOCIATION, Individually and as Trustee for Greenpoint Mortgage | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation on the Defendants' Motion to Dismiss, filed December 11, 2014. (ECF No. 42). The Defendants filed their Motion to Dismiss on July 25, 2014. (ECF No. 31). After extensions and an order directing the Plaintiff to respond, the Plaintiff responded on October 6, 2014. (ECF No. 39). Two weeks later, the Defendants filed their Reply. (ECF No. 40). In accordance with Federal Rule of Civil Procedure 72(b)(1), the Court referred the Motion to the Magistrate Judge on November 20, 2014. (ECF No. 41). The Magistrate recommended that the Motion to Dismiss be granted. (ECF No. 42). The Plaintiff filed objections to the Magistrate's Report and Recommendation on December 26, 2014 (ECF No. 43), but the Defendants did not file a response to those objections. For the reasons set forth below, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate's Report and Recommendation.

## BACKGROUND

The Plaintiff has not objected to any proposed finding of fact in the Magistrate's Report, and therefore the Court adopts the Magistrate's findings for the purposes of this Order and reproduces them here.

Tyree filed the present lawsuit for injunctive relief to rescind a nonjudicial foreclosure of real property located at 10025 Point Cove, Lakeland, Shelby County, Tennessee 38002, ("the property") and to enjoin the defendants from evicting him from the property. Tyree alleges that he purchased the property on September 25, 2006 for approximately $860,000 and that he financed the purchase through a variable interest rate loan.[1] (Compl. 1-2, ECF No. 1-2). He further alleges that U.S. Bank obtained the deed for the property through fraudulently prepared or "robo-signed" documents and that Ocwen, who was responsible for servicing the loan, failed to properly do so in that "Ocwen produced documents for the purpose of beginning foreclosure proceedings that it knew were not legitimate and were either fraudulent or 'robo-signed.'" (*Id.* at 2). In the amended complaint, Tyree alleges that "[o]n or about February 16, 2013, [he] received letters from Ocwen [] purporting to advise him of his rights under 15 U.S.C. § 1962g (hereinafter 'Debt Validation Letter')." (Am. Compl. 2, ECF No. 30). According to the factual allegations in the complaint and the amended complaint, the property was sold at a foreclosure sale to U.S. Bank, and on January 3, 2014, the defendants filed a forcible entry and detainer lawsuit in the General Sessions Court of Shelby County, Tennessee, in an attempt to evict Tyree from the property. (*See* Compl. 2-3, ECF No. 1-2).

---

[1] The amended complaint incorporates by reference all facts alleged in the original complaint. (Am. Compl. 1, ECF No. 30). The court will therefore consider factual allegations in the original complaint but not legal conclusions or alleged claims.

The amended complaint sets forth two causes of action: (1) a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and (2) a claim of "Robo-Signing." (Am. Compl., ECF No. 30). Specifically, Tyree claims that the defendants, as debt collectors under the FDCPA, "were required to pursue a judicial foreclosure rather than a nonjudicial foreclosure" and that the defendants misrepresented Tyree's rights to him in its debt validation letter dated February 16, 2013, "by requiring that [Tyree] dispute the debts in writing when FDCPA allows the dispute to be made orally or in writing." (*Id.* at 2).

With respect to his "robo-signing" claim, Tyree alleges three specific incidents of execution of documents by various employees "of the defendants" purporting to transfer interests in the property "without [the employee] having personal knowledge of the facts contained therein": (1) an Assignment executed by Mary Ladd on behalf of Mortgage Electronic Registration Systems, Inc. on February 9, 2012; (2) a Notice of Appointment of Substitute Trustee executed by Peter Nocero on behalf of GMAC Mortgage on February 23, 2012; and (3) an Assignment executed by Douglass Wilson on behalf of GMAC Mortgage on June 19, 2013. (*Id.* at 3).

This is the second of two lawsuits filed by Tyree in relation to the foreclosure sale of the real property located at 10025 Point Cove, Lakeland, Shelby County, Tennessee 38002. On February 28, 2012, Tyree filed a 29-page pro se complaint in this court entitled "Complaint to Prohibit and Restrict Foreclosure and Sale & For Damages and Demand for Trial," docketed as Case No. 2:12-cv-02164-STA-dkv. Named as defendants in the first lawsuit were Greenpoint Mortgage, Regions Bank, Mortgage Electronic Registration System, GMAC Mortgage, McCurdy & Candler LLC, and John Does 1-20. *See* Complaint, *Tyree v. Greenpoint Mortg., et al.*, No. 2:12-cv-02164-STA-dkv (W.D. Tenn. Feb. 28, 2012), ECF No. 1. In the first lawsuit,

Tyree sought injunctive relief prohibiting the defendants from proceeding with a foreclosure sale of the real property located at 10025 Point Cove, Lakeland, Shelby County, Tennessee 38002, the same property that is the subject of the present action, and a declaration of the respective rights of the parties to the property. *Id.* In his first lawsuit, Tyree set forth the following claims: (1) fraud and misrepresentation; (2) deceptive lending practices; (3) violation of the Uniform Residential Loan Application Act; (4) wrongful foreclosure; (5) slander of title; (6) unlawful interference with possessory interest; (7) conflict of interest; (8) lack of standing to commence a foreclosure action; and (9) civil RICO, conspiracy to commit mail fraud, and civil conspiracy to commit wire fraud. *Id.*

The defendants in Tyree's first lawsuit filed motions to dismiss his complaint for failure to state a claim. Because Tyree did not respond to the motions, the court issued a show-cause order, and Tyree failed to respond to the show-cause order. Based on Tyree's failure to respond to the show-cause order, the court dismissed Tyree's complaint against all the defendants on January 4, 2013, with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Order of Dismissal, *Tyree v. Greenpoint Mortg., et al.*, No. 2:12-cv-02164-STA-dkv (W.D. Tenn. Jan. 4, 2013), ECF No. 30. Judgment was entered in favor of all defendants on January 4, 2013. Judgment, *Tyree v. Greenpoint Mortg., et al.*, No. 2:12-cv-02164-STA-dkv (W.D. Tenn. Jan. 4, 2013), ECF No. 31. Public records of the Shelby County Register show that on December 12, 2013, the property was sold at a nonjudicial foreclosure sale to U.S. Bank as Trustee for Greenpoint Mortgage Funding.[2]

---

[2] When a court is ruling on a Rule 12(b)(6) motion to dismiss, it may consider any "public record[s], orders, items appearing in the record of the case, [] exhibits attached to the complaint . . . [and] documents that a defendant attaches to a motion to dismiss . . . [so long as] they are referred to in the Complaint and are central to the claims contained therein." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (internal quotation, emphasis, and citations

## **STANDARD OF REVIEW**

For dispositive motions, the district judge has the authority to "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion."[3] After receiving "specific written objections," a district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[4] The district judge applies a de novo standard to "any part of the magistrate judge's disposition that has been properly objected to."[5]

The Plaintiff has not offered "specific written objections" to most of the Magistrate's Report and Recommendation. Instead, in his memorandum, counsel for the Plaintiff re-alleges the amended complaint, offers block quotations of legal authority without applying it to the his case, and then concludes with the following "sentence":

> Plaintiff further submits that the Magistrate Judge erroneously resolved factual disputes based upon documentary evidence which is at the heart of this litigation specially [sic] the Magistrate Judge presumes that the documents which were filed transferrin [sic] interest in the real property were valid further more [sic] whether privity exist [sic] is a factual determination with [sic] requires discovery therefore and a motion to dismiss is premature.[6]

---

omitted). Tyree referred to the foreclosure sale in which the property was transferred to U.S. Bank. Therefore, the Magistrate considered any documents recorded with the office of the Shelby County Register which reflect or are pertinent to the foreclosure sale and transfer of title of the property to U.S. Bank.

[3] 28 U.S.C. § 636(b)(1)(B).

[4] Fed. R. Civ. P. 72(b)(2), (3).

[5] *Id.*

[6] Pl.'s Objs. to Magistrate Judge's Report and Recommendation 12, ECF No. 43.

5

Nevertheless, the Court attempts below to decipher the Plaintiff's purported objections to the Magistrate's Report and Recommendation.

## **DISCUSSION**

The Magistrate recommended that the Plaintiff's claims be dismissed as barred by res judicata, and, alternatively, for failure to state a claim upon which relief may be granted. Here, the Court analyzes the Plaintiff's objections to the Magistrate's reasoning.

### I. Res Judicata

The Magistrate correctly set forth the four elements required to apply the doctrine of res judicata:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.[7]

She determined that each of these elements was met and therefore found that the Plaintiff's claims were barred by res judicata.

#### A. Final Decision on the Merits

The Plaintiff first objects to the Magistrate's determination that the previous lawsuit resulted in a final decision on the merits. He argues that the "the dismissal of the first complaint was due to a procedural matter," and therefore was not a decision on the merits. In the first lawsuit, the Plaintiff failed to respond to several motions to dismiss and then failed to respond the court's order directing him to show cause as to why the complaint should not be dismissed.[8]

---

[7] *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

[8] *See* Order of Dismissal, *Tyree v. Greenpoint Mortg., et al.*, No. 2:12-cv-02164-STA-dkv (W.D. Tenn. Jan. 4, 2013), ECF No. 30.

The court subsequently dismissed the complaint with prejudice under Rule 41(b).[9] A plaintiff made a similar argument before the Sixth Circuit, contending that a court's dismissal under Rule 41(b) should not be given preclusive effect.[10] That argument, however, "is refuted by the plain language of Rule 41(b) and by the clear precedent" of the Sixth Circuit.[11] Rule 41(b) explicitly states that a dismissal under the Rule "operates as adjudication on the merits" unless "the dismissal order states otherwise."[12] The dismissal order in the first action explicitly states that the dismissal under Rule 41(b) was with prejudice. The Magistrate correctly concluded that the first action resulted in a final decision on the merits for purposes of res judicata.

### B. Privity

As to the privity element, the Plaintiff states generally that he "believes there is no substantial identity of interests, no sufficiently close relationship, no principal-agent relationship and no PRIVITY of Defendants to any of the Defendants in Plaintiff [sic] first law suit [sic]."[13] This statement, unsupported by factual or legal argument, is an example of a "vague, general, or conclusory objection[ ]" that "does not meet the requirement of specific objections and is tantamount to a complete failure to object."[14] The Court will not review the Magistrate's

---

[9] *Id.*

[10] *See Bragg*, 570 F.3d at 776–77.

[11] *Id.* at 777.

[12] Fed. R. Civ. P. 41(b).

[13] Pl.'s Objs. 7, ECF No. 43 (capitalization in original).

[14] *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

conclusion as to the privity requirement when the Plaintiff has simply stated that he does not believe that privity exists.

**C. Identity of the Causes of Action and Issues Already Litigated**

Finally, the Plaintiff attempts to rebut the Magistrate's conclusion that there is an identity of causes of action in the first and second lawsuits: "Plaintiff [sic] proceeding does not involved [sic] the same cause of action."[15] He then restates the causes of action in the first lawsuit and concludes that "Plaintiff would not have [j]urisdiction to proceed with an [sic] FDCPA and state tort claims in [f]ederal [c]ourt in the first law suit [sic] as Plaintiff Defendants were creditors."[16] The Court assumes that "Plaintiff Defendants" should simply read "Defendants," and further assumes that the Plaintiff is arguing that he could not have brought FDCPA claims in the previous action.[17]

First, the Plaintiff does not rebut the Magistrate's conclusion that the three employees identified as robo-signers were "employed by either MERS or GMAC, both of whom were defendants in the first action."[18] Thus, the Plaintiff's claim of robo-signing, which alleges that the Defendants "do not have a valid deed,"[19] has already been decided.[20] In the first action, the

---

[15] Pl.'s Objs. 7, ECF No. 43.

[16] *Id.* at 7–8.

[17] The Plaintiff alleged no state-law tort claims in his Amended Complaint. *See* Am. Compl., ECF No. 30.

[18] Report and Recommendation 12, ECF No. 42.

[19] Am. Compl. ¶ 17, ECF No. 30.
[20] The Plaintiff also fails to establish his standing to challenge the transfer between the defendants in the first action and defendants in the second action. In the first action, he challenged defendants' interests in the same property at issue in this case, but those claims were dismissed with prejudice. Now, he seeks to challenge those same interests, only against the original defendants' privies. The Plaintiff, most likely realizing that claims challenging these

8

Plaintiff litigated the issues surrounding the defendants' interests in the property; those claims were dismissed with prejudice. Now, he attempts to litigate the same issues against the privies of those parties. The "claim" of robo-signing is barred by res judicata, and the Defendants' Motion to Dismiss this claim is **GRANTED**.

But the same conclusion does not apply to any allegations that U.S. Bank or Ocwen Loan Servicing violated the FDCPA's notice-of-debt requirements *after* the first lawsuit, even if these two Defendants are in privity with the defendants in the first lawsuit. In his amended complaint, Tyree alleged that the Defendants misrepresented his rights in letters sent on or about February 16, 2013—after the dismissal of the first lawsuit. Therefore, any claim under the FDCPA based on an alleged deficient notice sent after the first lawsuit—even if it related to debt collection on the same property—does not arise out of the same facts or transaction that formed the basis of the first lawsuit. Rather, they arise out of a separate notice of debt. The Plaintiff's allegation that he received a deficient notice under 15 U.S.C. § 1692g from the Defendants on February 16, 2013, is a separate cause of action that could not have been brought in the first action.[21] It is not barred by res judicata, and therefore the Court analyzes the Magistrate's Report and Recommendation regarding the sufficiency of the Plaintiff's claim under 15 U.S.C. § 1692g.

## II. Failure to State a Claim

The Magistrate explained that "[e]ven if the doctrine of res judicata does not bar the present action, the amended complaint fails to state any plausible claim against the

---

interests were precluded, argued that his claims in this lawsuit "ha[ve] more to do with [the Defendants'] deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt." Pl.'s Objs. 2, ECF No. 43.

[21] The opposite is true of the robo-signing claims, which are actually claims against the Defendants' interests in the property, interests received from the defendants in the first lawsuit.

defendants."[22]  The Plaintiff seems to make two claims, other than the robo-signing claim, in his amended complaint.  First, "the Defendants were required to pursue a judicial foreclosure rather than a nonjudicial foreclosure."[23]  And second, "Defendant Ocwen misrepresented the Plaintiff [sic] rights under the FDCPA by requiring that Plaintiff dispute their [sic] debts in writing when FDCPA allows the dispute to be made orally or in writing."[24]  The Magistrate set forth the correct standard in evaluating a motion to dismiss, and the Court adopts such standard.

### A. Judicial Foreclosure

The Plaintiff cites 15 U.S.C. § 1692i in claiming that the Defendants were required to pursue a judicial foreclosure rather than a nonjudicial foreclosure.  That section of the FDCPA is a venue provision which requires that a debt collector bring "an action to enforce an interest in real property securing the consumer's obligation . . . only in a judicial district . . . in which such real property is located."[25]  The Magistrate explained that

> [t]here is no language in the venue provision requiring a debt collector to bring a judicial foreclosure action in lieu of a nonjudicial foreclosure action.  Moreover, Tennessee law specifically contemplates a nonjudicial foreclosure by a trustee or other party as a remedy to foreclose a deed of trust or mortgage securing the payment of money.  Tenn. Code Ann. § 35-5-101 *et seq*.[26]

Tyree makes no objection to this legal conclusion.  The Magistrate correctly determined that Tyree's allegation that the Defendants were required to pursue a judicial foreclosure fails to state

---

[22] Report and Recommendation 13.

[23] Am. Compl. ¶ 9, ECF No. 30

[24] *Id.* ¶ 14.

[25] 15 U.S.C. § 1692i.

[26] Report and Recommendation 14.

a claim as a matter of law, and therefore the Defendants' Motion to Dismiss this claim is **GRANTED**.

B. Deficient Notice of Debt

Tyree's second FDCPA claim is that Defendant Ocwen failed to provide an appropriate notice of debt, in violation of 15 U.S.C. § 1692g, by stating in the notice that if the Plaintiff wished to dispute the debt, he should do so in writing. The Defendants have not provided the language of the notice to rebut this claim, and the Plaintiff's allegations are taken as true. The Magistrate pointed the parties to 15 U.S.C. § 1692g(a)(4), which requires that a debt collector's communication contain

> a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment . . . [which] will be mailed to the consumer.[27]

Section (b) and subsection (a)(5) of the same statute also require a dispute to be in writing. In his objection, Tyree points to the previous subsection, 15 U.S.C. § 1692(a)(3), which provides that a debt collector's notice to the consumer must contain a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."[28] Thus, subsection (a)(3) does not contain the same "in-writing" language as subsections (a)(4), (a)(5), or section (b). Disputes over this textual distinction are plentiful.[29] Tyree cites a Ninth Circuit opinion in which

---

[27] 15 U.S.C. § 1692g(a)(4).

[28] *Id.* § 1692(a)(3).

[29] See *Campbell v. Hall*, 624 F. Supp. 2d 991, 998–1000 (N.D. Ind. 2009) (explaining the split of authority on whether subsection (a)(3) requires a writing requirement).

the court refused to insert a writing requirement into the text of subsection (a)(3).[30] Although the majority of courts appear to follow the Ninth Circuit's interpretation of the statute, others follow the Third Circuit's reasoning that adopting a reading of the statute such as Tyree's

> would thus create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts.[31]

At this stage, the Court will not dismiss Tyree's claim when the Defendants have failed to respond to Tyree's objections to the Magistrate's Report and Recommendation. Neither will the Court decide the statutory-interpretation issue without full briefing from both parties; instead, the Court reserves ruling on the issue until a later stage in the proceeding. Therefore, Tyree's FDCPA claim for a debt collector's deficient notice must survive a motion to dismiss. His objection on this issue is sustained, and the Defendants' Motion to Dismiss the FDCPA claim under 15 U.S.C. § 1692g is **DENIED**.

## CONCLUSION

Tyree's "claims" of robo-signing are barred by res judicata. The Court will not allow Tyree to litigate claims pertaining to the validity of property interests when he has already had the opportunity to do so. Thus, the Court accepts the Magistrate's ruling on the issue. The Defendants' Motion to Dismiss the claim alleging robo-signing is **GRANTED**. Likewise, Tyree has not objected to the Magistrate's ruling that no authority exists to support his claim that the Defendants were required to conduct a judicial foreclosure. The Court accepts the Magistrate's ruling on the issue, and the Defendants' Motion to Dismiss this claim **GRANTED**. Finally,

---

[30] *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1080–81 (9th Cir. 2005).

[31] *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

taking the Plaintiff's factual allegations as true and without full briefing from the Defendant on the FDCPA deficient-notice claim, the Plaintiff's objection to the Magistrate's Report and Recommendation analyzing 15 U.S.C. § 1692g is sustained, and the Defendants' Motion to Dismiss this claim is **DENIED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: February 6, 2015.